**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
Yakup Garayev,

Petitioner,

-against-

Warden Metropolitan Detention Center Brooklyn,

Respondent.
-----------------------------------------------------X

**<u>SUMMARY ORDER</u>**

26-CV-05937 (RER)

**RAMÓN E. REYES, JR., District Judge:**

The Court assumes the reader's familiarity with the facts and parties' arguments. (*See* ECF No. 1 ("Pet."); ECF No. 7 ("Resp."); ECF No. 9 ("Reply")). The decision here turns on (1) the adequacy of Petitioner's individualized custody determination performed by U.S. Immigration and Customs Enforcement ("ICE") and (2) the facial adequacy of the I-200 warrant used to arrest Petitioner.

In the context of section 1226(a) detentions, the Court has jurisdiction to assess "whether and how correct procedures were applied" and whether a petitioner's detention adheres to due process. *Centeno Rochez v. Genalo*, No. 26-CV-03707 (RER), 2026 WL 1948773, at *2 (E.D.N.Y. July 6, 2026) (citing *Pastrana-Beltran v. Mullin*, No. 26-CV-2657 (RER), 2026 WL 1398609, at *3 (E.D.N.Y. May 19, 2026)); *see also Grance v. Maldonado*, No. 26-CV-3346 (AMD), 2026 WL 1815931, at *3 (E.D.N.Y. June 24, 2026) (internal citations omitted); *Batten Herrera v. Blanche*, No. 26-cv-3321 (OEM), 2026 WL 1674206, * 2 (E.D.N.Y. June 9, 2026); *Curimilma Quille v. Blanche*, No. 26-CV-2818 (HG), 2026 WL 1453889, at *3 (E.D.N.Y. May 22, 2026) (internal citations omitted); *Cajamarca-Janza v. Soto*, 26-CV-3066 (HG), 2026 WL 1506777, at *3 (E.D.N.Y. May 29, 2026).

The Court has previously addressed factual errors in individualized custody determinations, and the same reasoning holds here. *See Centeno Rochez*, 2026 WL 1948773, at *2. "Not only do factual errors evince faulty application of section 1226(a) procedures, they also in effect impede due process." *Id.* "ICE's inaccuracy is significant because it demonstrates not only a high risk of the erroneous deprivation of Petitioner's liberty interest, but also, the actual erroneous deprivation of that interest." *Curimilma Quille*, 2026 WL 1453889 at *5.

Here, ICE provides one basis for their determination that Petitioner failed to establish they did not pose a flight risk: "Individual do not [sic] have family in the country." (Resp. at 17). Yet, ICE's Record of Deportable/Inadmissible Alien—filled out on the same day that the individualized custody determination was performed—states Petitioner has a spouse. (Resp. at 19). The factual record is clear that Petitioner is married and that Petitioner has resided with his wife in Kirkland, Washington. (Pet. ¶ 13; ECF Nos. 1-5, 1-6). Respondent does not argue otherwise. (Resp.). Since ICE "ignored contrary facts in the record," "the Court concludes [ICE] did not apply correct procedures during the purported individualized custody determination." *Centeno Rochez*, 2026 WL 1948773 at *2.

Further, the I-200 warrant ICE used to arrest Petitioner is based upon a false statement. ICE's purported grounds for having probable cause to believe Petitioner is removable is: "the execution of a charging document to initiate removal proceedings against the subject." (Resp. at 12). This statement is false. Petitioner's I-200 warrant was created on August 14, 2026 (Resp. at 1, 12), whereas Petitioner's charging document was not created and executed until one day later, August 15, 2026 (Resp. at 1, 8). "Thus, at the time the arrest warrant was issued and signed by an ICE officer, no removal proceedings had been initiated." *Yeleshev v. Larocco*, No. 26-CV-2294 (SJB), 2026 WL 1353806, at *4 (E.D.N.Y. May 14, 2026). "This purported basis for probable cause to arrest therefore rests on a false statement, and could not provide authority to arrest" Petitioner. *Id.*

For these reasons, Petitioner's detention violates the Due Process Clause of the Fifth Amendment, and his Petition for a writ of habeas corpus is granted. Petitioner Yakup Garayev (Alien Number 220-003-908) is to be released forthwith. Respondent is directed to file a letter regarding their compliance with this order no later than 5:00 P.M. on October 9, 2026. Once the notice of release is received by the Court, the Clerk of Court is respectfully directed to enter final judgment and close the case.

SO ORDERED.

/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: October 9, 2026
Brooklyn, New York